# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MIGUEL ANGEL JIMINEZ LEON,              )
                                        )
       Petitioner,              )
                                        )
v.                                      )    Case No. CIV-26-137-PRW
                                        )
WARDEN OF DIAMONDBACK                    )
CORRECTIONAL FACILITY, et al.,           )
                                        )
      Respondents.             )

## ORDER

Before the Court is Dianelis Suarez's Motion for Next Friend Standing (Dkt. 3), seeking leave to proceed as next friend for Petitioner Miguel Angel Jiminez Leon in this habeas proceeding under 28 U.S.C. § 2241. The Court issued an Order (Dkt. 6) for Respondents to respond to the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1). In response, Respondents asked the Court to stay proceedings pending the resolution of the present Motion (Dkt. 3) and argued that Ms. Suarez should not be permitted to proceed as next friend of Petitioner. The Court subsequently stayed Respondents' deadline for a response (Dkt. 9). For the reasons that follow, the Court **DENIES** the Motion (Dkt. 3).

### Background

Petitioner is a Cuban national who arrived in the United States on September 4, 2024.[1] Ms. Suarez represents that she and Petitioner have cohabitated since his arrival, and

---

[1] Memo. (Dkt. 2), at 1.

1

in that period, she has assisted him with his pending Cuban Adjustment Act application.[2]

Ms. Suarez filed the Petition (Dkt. 1) on behalf of Petitioner following his detention on

December 18, 2025, arguing that his detention violates the Fifth Amendment of the United

States Constitution.

### *Legal Standard*

Congress requires that every "[a]pplication for a writ of habeas corpus shall be in

writing signed and verified by the person for whose relief it is intended or *by someone*

*acting in his behalf.*"[3] While a deeply-rooted basis for jurisdiction, generally next friends

appear in habeas proceedings on behalf of detainees who are unable to press their claims

themselves, often because of inaccessibility or mental incompetence.[4] Indeed, next friends

are barred from pursuing habeas claims on behalf of detainees who themselves could file

their own petitions.[5] Importantly, next friends in habeas proceedings are never parties to

the action—they only pursue the claims on behalf of the respective detainees.[6] However,

"'next friend' standing is by no means granted automatically to whomever seeks to pursue

an action on behalf of another."[7] Such stinginess within the next friend doctrine is

---

[2] Mot. (Dkt. 3).

[3] 28 U.S.C. § 2242 (emphasis added).

[4] *Whitmore v. Arkansas*, 495 U.S. 149, 161–62 (1990) (citing *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 13 n. 3 (1955)).

[5] *Williams v. Boone*, 166 F.3d 1223 (10th Cir. 1999) (unpublished) (citing *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989)).

[6] *Whitmore*, 495 U.S. at 163 (citing *Morgan v. Potter*, 157 U.S. 195, 198 (1895)).

[7] *Id.*

motivated by a need to gatekeep "intruders or uninvited meddlers, styling themselves next friends."[8] It is the burden of the prospective next friend to "clearly . . . establish the propriety of [her next friend] status and thereby justify the jurisdiction of the court."[9]

To satisfy next friend standing, a prospective next friend must meet "two firmly rooted prerequisites": (1) She must provide "an adequate explanation" why Petitioner cannot litigate his own case[10] and (2) she must demonstrate she is "truly dedicated" to Petitioner's best interests.[11]

*Analysis*

### I.   Non-attorney next friends may file habeas petitions.

As a threshold matter, Respondents—relying on decisions of other judges in this district—argue that non-lawyer next friends may never sign and file an initial habeas petition on another's behalf.[12] The Court disagrees.

The doctrine of next-friend standing in habeas cases dates back at least to seventeenth-century England.[13] In the Habeas Corpus Act of 1679, Parliament authorized

---

[8] *Id.* at 164 (quoting *United States ex rel. Bryant v. Houston*, 273 F. 915, 916 (2nd Cir. 1921)).

[9] *Id.* at 164 (citing *Smith ex rel. Missouri Public Defender Comm'n v. Armontrout*, 812 F.2d 1050, 1053 (8th Cir. 1987)).

[10] *Id.* at 163 (citing *Wilson*, 870 F.2d at 1253).

[11] *Id.* (citing *Morris v. United States*, 399 F. Supp. 720, 722 (E. D. Va. 1975)).

[12] *See, e.g., Salas v. Figueroa*, Case No. CIV-26-178-D, 2026 WL 315066, at \*2 (W.D. Okla. Feb. 5, 2026); *United States v. Reese*, Case No. CIV-25-1447-SLP, 025 WL 3516478, at \*1 (W.D. Okla. Dec. 8, 2025).

[13] *Whitmore*, 495 U.S. at 162 (citing 31 Car. II, ch. 2).

petitions to be filed by "any one on . . . behalf" of a detained person.[14] In 1948, Congress codified that common-law practice in 28 U.S.C. § 2242, thereby clarifying the "ambiguous provisions of the former federal habeas corpus statute" and aligning the statute with the federal courts' actual practice.[15]

Rule 2(c)(5) of the Rules Governing Section 2254 Cases requires that a habeas petition be signed "by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." The Advisory Committee Notes to the 2004 Amendment explain that Rule 2(c)(5) was revised to permit third parties to sign habeas petitions, citing *Whitmore*. The Committee further explained that courts should apply next friend standing principles in determining whether the signer is authorized to act on the petitioner's behalf. The Rules Governing Section 2254 Cases thus adopt *Whitmore's* next friend test and permit qualifying lay next friends to sign and file initial habeas petitions on behalf of disabled petitioners.

Although the Rules Governing Section 2254 Cases apply by their terms to petitions under § 2254, Rule 1(b) permits courts to apply those Rules to petitions brought under § 2241. Thus, when a next friend is authorized under 28 U.S.C. § 2242, the signature requirement of Federal Rule of Civil Procedure 11(a) is satisfied for purposes of initiating a habeas action. Nor is there any conflict between those provisions. Rule 11 is a general rule governing civil actions, whereas § 2242 is the specific provision governing habeas

---

[14] *Id.*

[15] *Id.*

petitions; the specific provision controls. At the same time, 28 U.S.C. § 1654 bars a non-attorney next friend from representing another person in federal court. Accordingly, although a qualifying lay next friend may sign and file the petition, that person may not proceed further in the litigation on the petitioner's behalf. Section 1654 therefore precludes a lay next friend from filing additional papers or otherwise litigating the habeas action, because § 2242 speaks only to the filing of the petition itself.

In light of Congress's decision to incorporate the common-law rule and prevailing practice into § 2242, the Court concludes that, through Rule 1(b), Rule 2(c)(5)'s authorization extends to petitions filed under § 2241. That conclusion is especially warranted because § 2242 draws no distinction among petitions brought under different habeas statutes.

Although there is little controlling authority on this issue—likely because such cases rarely proceed beyond threshold standing questions—the Tenth Circuit's unpublished decision in *Williams v. Boone* is instructive. There, the court held that because Douglas Shaffer, who signed petitioner Bobby Joe Williams's § 2254 petition, "[did] not qualify as a next friend, as a lay person he [could] not participate in the unauthorized practice of law by filing petitions and briefs on behalf of another in violation of state and federal provisions governing the practice of law."[16] In other words, the Tenth Circuit appeared to take as given that a qualifying next friend could file the petition in the first instance.

---

[16] *Williams*, 166 F.3d at 1223 (internal quotations omitted).

In reaching that conclusion, the *Williams* panel cited approvingly the Fifth Circuit's decision in *Weber v. Garza*.[17] In *Weber*, Leona Weber, a non-lawyer, filed habeas petitions under Article I, Section 9 of the Constitution and 28 U.S.C. §§ 2241–2254 on behalf of John and Billie Zimmerman.[18] The Fifth Circuit recognized that next-friend applications, although "not common," may "occasionally be useful or even necessary."[19] The court ultimately held that Ms. Weber did not satisfy the same test the Supreme Court later adopted in *Whitmore*. But it also observed that "individuals not licensed to practice law by the state may not use the next friend device as an artifice for the unauthorized practice of law," thereby recognizing the important limitation that a next friend may not litigate the case beyond filing the petition.[20]

The Court is persuaded that *Williams*, relying on *Weber*, at minimum implicitly recognizes that a qualifying next friend may file a habeas petition on a detainee's behalf. That understanding accords with the common-law tradition, § 2242's codification of that tradition, and Rule 2(c)(5) of the Rules Governing Section 2254 Cases, which the Court applies here to this § 2241 petition.

---

[17] *Id.*

[18] *Weber v. Garza*, 570 F.2d 511, 512–13 (5th Cir. 1978).

[19] *Id.*

[20] *Id.* at 514.

**II.    Ms. Suarez has not shown Petitioner is unable to file his own petition.**

Having concluded that there is no categorical bar, the Court turns to whether Ms. Suarez satisfies the next friend test. In her Motion (Dkt. 3), Ms. Suarez represents that Petitioner "does not speak, read or write English[.]"[21] Respondents concede that Petitioner's inability to speak English may satisfy the first prong of the next friend test.[22] However, in *Whitmore*, the Court required a potential next friend to show that the detainee cannot litigate his own case because of "inaccessibility, mental incompetence, or other disability[.]"[23] Inability to speak, read, or write in English isn't typically considered an incurable bar to participation in legal proceedings. For instance, non-English-speaking criminal defendants participate in legal proceedings with the aid of translation. Because lack of English proficiency is readily curable through use of a translator, it isn't the sort of uncurable disabilities or incapacity that would warrant next friend standing, unless the prospective next friend establishes facts demonstrating a lack of ability to cure the language deficiency (e.g., lack of access to translation or native language legal materials). Here, Ms. Suarez alleges nothing more than a lack of English proficiency. That isn't enough.

Further, Ms. Suarez states that Petitioner only "has limited access to legal materials to prepare this filing."[24] She does not elaborate on this claim or allege that the research materials available to Petitioner are insufficient for filing a habeas petition.

---

[21] Mot. (Dkt. 3).

[22] Resp. (Dkt. 8), at 6.

[23] *Id.* at 163 (citing *Wilson*, 870 F.2d at 1253).

[24] Mot. (Dkt. 3).

Accordingly, the Court finds that Ms. Suarez has not provided an adequate explanation why Petitioner is unable to litigate his own case. The Court thus does not reach the second prong of the next friend test.

### *Conclusion*

For the foregoing reasons, the Court **DENIES** the Motion (Dkt. 3). The Court **FURTHER ORDERS** Petitioner Miguel Jiminez Leon to file an amended petition on or before May 16, 2026, signed and verified either (1) by Petitioner, should he wish to proceed pro se, or (2) by a licensed attorney. Failure to timely file a proper petition will likely result in the Court dismissing this action. Should Petitioner file a valid amended petition, the Court will issue a separate order lifting the stay on the deadline for Respondents' response.

**IT IS SO ORDERED** this 16th day of April 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE